UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:11-cr-00282-MOC-DSC

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **JANETTE PARKER,** | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on defendant's Motion for Accounting of Restitution Paid to Date. The government has filed a timely response and appears to have provided defendant with a thorough accounting of how her approximately $11,000.00 in restitution payments have been applied toward her $837,025.00 restitution obligation. Apparently, defense counsel inquired of the government as to how payments made by Beazor, which is jointly and severally liable on defendant's obligation, have impacted the restitution she owes. Defendant states that the government responded that such payments had result in her outstanding restitution being lowered from $837,025.00 to $544,761.23; however, defendant states that the government failed to respond to counsel's further inquiry as to how such amount was determined, thus necessitating the instant motion.

The government has now shown upon receiving the payment, the FHA prorated Beazor's $5,000,000.00 payment against the 297 loans underlying Beazor's obligations. Nineteen of the loans comprise this defendant's restitution obligation, and such restitution balance was reduced by $298,477.75, leaving defendant's restitution balance at $544,761.23, less the $10,850.07 she has paid toward restitution. The government also reports that Beazor is scheduled to make another

1

payment this month. No explanation is provided by the government concerning why the balance of $373.433.64 represented to counsel by the government in its March 19, 2014, email is *less* than the $544,761.23 represented in the Response.

While defendant has asked for time to reply to the government's Response, the court can see no reason to keep this issue open. First, defendant has not provided the court with any citation to any rule or statute supporting a request for an "accounting" and none is found in 18 U.S.C. §§ 3663A or 3664. Second, while counsel for defendant has taken excerpts from the sentencing hearing showing a desire by all, including the government, to "squeeze" all of the restitution out of Beazor, defendant does not yet appear to be in a position to request that her obligation of restitution be terminated as there remains a substantial outstanding balance. Without citation to some form of relief that the court can grant,[1] the practice of requesting an "accounting" by way of motion puts the court in the middle of what should simply be an administrative inquiry between respective counsel. The nature of joint and several liability is precisely that: defendant remains liable until either she or Beazor, or a combination of the co-conspirators, pays the restitution in full.

## ORDER

**IT IS, THEREFORE, ORDERED** that defendant's Motion for Accounting of Restitution Paid to Date (#31) is **DENIED**.

Signed: July 17, 2014

Max O. Cogburn Jr.
United States District Judge

---

[1] While certainly not ruling out the possibility someone else has filed such a motion, a search for "Motion for Accounting of Restitution" in Westlaw *Allfeds* returned zero results.