UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:11-cr-00282-MOC-DSC

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| Vs. | ) | AMENDED ORDER[1] |
| | ) | |
| **JANETTE PARKER,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on defendant's Motion for Accounting of Restitution Paid to Date. The government has filed a timely response and appears to have provided defendant with a thorough accounting of how her approximately $11,000.00 in restitution payments have been applied toward her $837,025.00 restitution obligation. Apparently, defense counsel inquired of the government as to how payments made by Beazor, pursuant to a Deferred Prosecution Agreement, have impacted the restitution she owes. Defendant states that the government responded that such payments had resulted in her outstanding restitution being lowered from $837,025.00 to $544,761.23; however, defendant argues that the government failed to respond to counsel's further inquiry as to how such amount was determined, thus necessitating the instant motion.

The government has now shown upon receiving the payment, the FHA prorated Beazor's $5,000,000.00 payment against the 297 loans underlying Beazor's obligations. Nineteen of the

---

[1] As made clear in a letter from Beazor's counsel (Letter (#37)), the court improvidently stated in the July 17, 2014, Order that Beazor was jointly obligated when in fact payments are being made by Beazor pursuant to a *Deferred Prosecution Agreement* in *United States v. Beazer Homes USA*, *Inc.*, No. 3:09CR113-W. Those payments are, in pro-rata part, being *attributed* to defendant's obligation by the FHA.

loans comprise this defendant's restitution obligation, and such restitution balance was reduced by $298,477.75, leaving defendant's restitution balance at $544,761.23, less the $10,850.07 she has paid toward restitution. The government also reports that Beazor is scheduled to make another payment in July 2014. No explanation is provided by the government concerning why the balance of $373.433.64 represented to counsel by the government in its March 19, 2014, email is *less* than the $544,761.23 represented in the Response.

While defendant has asked for time to reply to the government's Response, the court can see no reason to keep this issue open. First, defendant has not provided the court with any citation to any rule or statute supporting a request for an "accounting" and none is found in 18 U.S.C. §§ 3663A or 3664. Second, while counsel for defendant has taken excerpts from the sentencing hearing which show a desire by all, including the government, to "squeeze" all of the restitution out of Beazor, defendant does not yet appear to be in a position to request that her obligation of restitution be terminated as there remains a substantial outstanding balance.

Without citation to some form of relief that the court can grant,[2] the practice of requesting an "accounting" by way of motion puts the court in the middle of what should simply be an administrative inquiry between respective counsel. Defendant remains liable until she pays restitution, whether that be by direct payments or through payments by others that may be attributed to her obligation by the FHA.

---

[2] While certainly not ruling out the possibility someone else has filed such a motion, a search for "Motion for Accounting of Restitution" in Westlaw *Allfeds* returned zero results.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's Motion for Accounting of

Restitution Paid to Date (#31) is **DENIED**.


Signed: August 15, 2014

Max O. Cogburn Jr.
United States District Judge